1IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TISHA DAWN RAINES,**

        Petitioner,

v.

**WARDEN McCAFFREY,**

        Respondent.

**Civil No.: 5:22-CV-66**
JUDGE BAILEY

## REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

On March 24, 2022, the pro se petitioner, Tisha Dawn Raines, ("the petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On March 28, 2022, she paid the $5 filing fee. At the time the petitioner filed her petition, she was incarcerated at SFF Hazelton, where she is still located. The petitioner is challenging the calculation of her custody level classification. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. THE PETITION

The petitioner contends that the Bureau of Prisons ("BOP") has incorrectly calculated her custody level by applying a Management Variable.[1] More specifically, the petitioner

---

[1] Although the petitioner does not identify a particular policy, pursuant to the BOP's program statement 5100.08., Ch. 2 p. 3, "a Management Variable (MGTVs) reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A Management Variable(s) is required when placement has been made and or maintained at an institution level inconsistent with the

alleges that her custody classification security total is currently 6, and that she is being kept at a higher security facility than she could otherwise be housed. In support of these allegations, the petitioner alleges that her case manager states that the petitioner can be managed at her current level. However, immediately following this allegation, the petitioner further alleges that she can be managed at a level of minimum-security. For relief, the petitioner would like the Management Variable currently attached to her to be removed.

### III. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As discussed below, the undersigned has determined that the petitioner is not entitled to relief and recommends that this matter be dismissed without requiring the respondent to address the matter.

### III. ANALYSIS

---

inmate's security score—a score which may not completely/accurately reflect his or her security needs." *Bureau of Prisons*, "inmate security designation and custody classification," available at https://www.bop.gov/policy/progstat/5100_008cn.pdf

Section 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a Section 2241 petition, a prisoner may seek relief from her parole, computation of her sentence or disciplinary actions taken against her. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive remedy for prisoners seeking release from custody. Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of [her] physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

Here, the petitioner fails to allege any facts that demonstrate that the BOP's imposition of a Management Variable has affected the fact or duration of her confinement. For example, she does not allege that her right to earn good conduct time has been affected by her custody classification. Similarly, the petitioner does not allege that she is being denied the right to participate in any program, the successful completion of which affects the length of her sentence.

Challenges to a federal prisoner's custody classification, like the one brought by the petitioner, are therefore not cognizable in habeas under § 2241. See Levi v. Ebbert, No. 09-3325, 2009 WL 4196470, at (3rd Cir. Nov. 30, 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore are not cognizable in a § 2241 petition"). Numerous district courts within the fourth Circuit, including this one, have noted or applied this principle. Sappleton v. Hogsten, No. 1:11-00552, 2014 WL 2565547, at *1 (S.D. W.Va. June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); Rodriguez v. Cruz, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); Moore v. Driver, Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D. W.Va. Oct 21, 2008) (same).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

DATED:  May 31, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE