IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TISHA DAWN RAINES**,

        Petitioner,

v.                                       **CIVIL ACTION NO. 5:22-CV-66**
                                                                     Judge Bailey

**WARDEN McCAFFREY**,

        Respondent.

## ORDER RE-ADOPTING REPORT AND RECOMMENDATION

Pending before this Court is petitioner's Response to Report and Recommendation [Doc. 14], filed on July 27, 2022.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

---

[1] This Court entered an Order Adopting Report and Recommendation [Doc. 9] on June 28, 2022, after hearing no objection from petitioner within the applicable deadline time frame. On July 13, 2022, petitioner filed a Response [Doc. 11] informing this Court that she had not received a copy of the Report and Recommendation. Accordingly, this Court granted petitioner additional time to file objections and provided her with a copy of the Report and Recommendation. *See* [Doc. 12].

1

proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971). Here, petitioner timely filed her objections following the extension granted by this Court.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." *Green v. Rubenstein*, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Williams v. New York State Div. of Parole*, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." *Mario*, 313 F.3d at 766. Pursuant

2

to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

In petitioner's cursory objections, she merely reasserts her contention concerning misclassification. She makes no argument whatsoever to the magistrate judge's correct conclusion that a federal prisoner's custody classification is not cognizable in habeas under § 2241. *See* [Doc. 7 at 3–5]. Accordingly, the objections are overruled.

For these reasons, the magistrate judge's Report and Recommendation is **REAFFIRMED**, and petitioner's § 2241 petition [**Doc. 1**] is **DENIED AND DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order via certified mail, return receipt requested, to petitioner, and to dismiss this case from the active docket of this Court.

DATED: July **27**, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE